Melvin BRIESE, Respondent,

v.

HAGEN, INC., et al., Relators.

No. 47364.

Supreme Court of Minnesota.

Sept. 9, 1977.

---

1. See, Rules 26.03, subd. 17, and 26.04, subd. 1(1), par. 7, Rules of Criminal Procedure.

Collins & Buckley and Michael J. Sauntry, St. Paul, for relators.

Reichert, Wenner & Koch, Edward M. Reichert, Jr. and John R. Koch, St. Cloud, for respondent.

PER CURIAM.

Employer and insurer seek review of a decision of the Worker's Compensation Court of Appeals finding that employee had not sustained his burden of proof to support his claim for temporary partial disability benefits but ordering that he be allowed to submit another claim for such benefits. We reverse.

Employee sustained a compensable injury to his back on May 5, 1972, while working for employer as a carpet layer at a weekly wage of $300. Relators paid him compensation for temporary total disability for 112 weeks, for temporary partial disability for another 7 weeks, and for a 25-percent permanent partial disability of the back. In July 1974 employee obtained a job as a security guard at an hourly wage of $2, which at the time of the compensation hearing in April 1976 had been increased to $2.30. In view of the uncontradicted medical evidence, accepted by both the compensation judge and the compensation court on appeal, that employee has sustained a 25-percent permanent partial disability of his back, and the fact that he has received all compensation to which he is entitled for that disability, his claim that he is entitled to additional temporary partial disability benefits is controlled by *LeMieux v. Mortenson,* 306 Minn. 50, 234 N.W.2d 897 (1975), and *Becker v. Schellinger,* Minn., 238 N.W.2d 889 (1976).[1] Accordingly, we reverse and remand with directions to reinstate the finding of the compensation judge that employee has not sustained temporary disability since the date relators discontinued payment of temporary partial disability benefits. Under the cited cases we see no reason for the compensation court's determination that employee may submit another claim petition for temporary partial disability and accordingly reverse that part of its order also.

Reversed and remanded.

OTIS, J., took no part in the consideration or decision of this case.

---

1. Minn.St. 176.021, subd. 3, was amended by L.1974, c. 486, § 1, to provide that compensation for permanent partial disability is payable concurrently and in addition to compensation for temporary total and temporary partial disability, but the statute as amended is not applicable to this case.